UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANNY C. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIE BOND, et al.,<br><br>　　　　Defendants. | Civil Action<br>No. 22-7513 (CPO) (EAP)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Plaintiff, a state prisoner, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the following reasons, the Court will dismiss the Complaint without prejudice. Plaintiff shall have thirty days to file a proposed amended complaint that cures the deficiencies discussed below.

## I.  BACKGROUND

The Court will construe the limited factual allegations of the Complaint as true for the purpose of this Opinion. Plaintiff names only Head Administrator Willie Bond, Administrator Keisha Fisher, and Ombudsperson Carla Gardner as Defendants in this matter. (ECF No. 1, at 1, 4–5.) All three Defendants are officials at South Woods State Prison. (*Id.*)

In January of 2019, Plaintiff was a pretrial detainee at the Union County Jail. (*Id.* at 8.) At some point during that month, three Hispanic inmates attacked Plaintiff, over a dispute regarding a television. (*Id.*) Plaintiff received a charge of institutional violence due to that attack, and he contests the propriety of that charge. (ECF No. 1-1, at 11 at 12.) Plaintiff contends that the

institutional violence charge constituted punishment and violated his rights to due process.[1] (*Id.* at 12–13.) The remainder of the Complaint is difficult to decipher, consisting of legal words, phrases, and conclusions, haphazardly stitched together. In December of 2022, Plaintiff filed the instant Complaint, seeking unspecified injunctive relief. (ECF No. 1, at 7–8.)

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff sues "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[1] Plaintiff includes several pages of information in his filing that do not appear to be directly relevant to his claims but are rather background information that he labels "Genesis" or "Foreword." (*Id.* at 1–4.)

2

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III. DISCUSSION

The Court has reviewed the Complaint and finds that it fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim. As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, the Complaint fails to meaningfully state a specific request for relief. The Complaint demands injunctive relief without specifying what kind of injunctive relief, and who or what Plaintiff specifically seeks to enjoin. (ECF No. 1, at 7–8.) The Court could speculate that Plaintiff seeks some type of injunction related to his institutional violence charge, but it is unclear who he seeks to enjoin, what type of injunction he seeks, or whether any of the Defendants are the proper target for such an injunction.

Additionally, the Complaint contains almost no factual allegations as to the Defendants' actions, and is instead, a collection of bare conclusions, which is insufficient to state a claim for

relief. *See, e.g.*, *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678).  More specifically, Plaintiff lists the many ways he believes his rights were violated but fails to explain how any of the three Defendants were involved or responsible.  (ECF No. 1, at 8; ECF No. 1-1, at 5.)  Stated differently, Plaintiff fails to allege what actions the Defendants took or failed to take, and how those events caused Plaintiff's injury. *Cf.*, *Cooper v. Link*, No. 18-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his Complaint as pled because it is not clear what each Defendant did to violate his rights.").  Indeed, Plaintiff's factual allegations appear to stem from his stay at the Union County Jail, but the three Defendants are officials at South Woods State Prison. (ECF No. 1, at 1, 8.)

As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555.  Consequently, the Court will disregard these "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, and dismiss the Complaint, without prejudice, for failure to state a claim and for failure to comply with Rule 8.

The Court will provide Plaintiff with an opportunity to submit a proposed amended complaint that cures the deficiencies discussed above.  When preparing his amended complaint, the Court reminds Plaintiff that he cannot rely *solely on legal conclusions*; the Complaint must allege "sufficient factual matter" to show that the claims are facially plausible. *See Fowler*, 578 F.3d at 210.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("a pleading that offers 'labels or

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). Plaintiff cannot simply allege that a defendant committed a variety of wrongs, *without explaining the factual circumstances underlying each claim*, *i.e.*, the who, what, when, where, and how, of each claim and as to each defendant.

Further, in his amended complaint, Plaintiff *shall* include a separate section for each individual Defendant, detailing his specific factual allegations and legal claims against that individual Defendant only.  He must do this for every single Defendant.  In those individualized sections, he must also separate each legal claim and explain how that particular Defendant committed each alleged legal wrong.  For example:

1. Defendant John Doe #1
    a. All factual allegations as to only John Doe #1.
    b. First legal allegation as to only John Doe #1.
    c. Second legal allegation as to only John Doe #1.
    d. Etc.
2. Defendant John Doe #2
    a. All factual allegations as to only John Doe #2.
    b. First legal allegation as to only John Doe #2.
    c. Second legal allegation as to only John Doe #2.
    d. Etc.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint without prejudice. Plaintiff shall have thirty days to file a proposed amended complaint in accordance with this Opinion.  An appropriate Order follows.

Dated:  April 5, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**
